STATE *vs.* MARTIN McDONOUGH, Appellant.

Sagadahoc.   Opinion May 27, 1892.

*Intoxicating Liquors.   Pleading.   Scienter.   R. S., c. 27, § 31.*

A complaint for the illegal transportation of intoxicating liquors is fatally defective if it omits to state that the defendant knew that the liquors transported by him were intoxicating.

ON EXCEPTIONS.

The defendant having been convicted upon a complaint before the municipal court, for the city of Bath, which alleged that, on the fourth day of December, A. D., 1890, he "did then and there, at said Bath, in said county, transport intoxicating liquors from the office of the N. E. Dispatch Express Company, in said Bath, to the building numbered 152 on the west side of Commercial street, with intent that said liquors shall be sold in this State by some person or persons to the complainant unknown, in violation of law, and to aid such person or persons in such sale, against the peace of the State," &c., appealed

to the Supreme Judicial Court, for the county of Sagadahoc, where the case was submitted to a jury, and a verdict of guilty rendered.

The defendant thereupon moved an arrest of judgment alleging that the complaint was insufficient in law, inasmuch as the statute provides that, "No person shall knowingly bring into the State, or knowingly transport from place to place in the State any intoxicating liquors, with intent to sell the same in the State in violation of law :" whereas in said complaint no scienter was averred.    The motion was overruled and the defendant took exceptions.

*C. D. Newell*, County Attorney, for the State.

*George E. Hughes*, for defendant.

WALTON, J.    All unnecessary prolixity in criminal as well as civil pleadings ought to be avoided.    But it is a fundamental rule of the criminal law, from which no departure can be allowed, that no one shall be convicted of a crime unless the complaint or indictment upon which he is tried contains a direct allegation of every material fact which it is necessary to prove in order to establish his guilt.    In other words, whatever it is necessary to prove must first be averred ; and averred directly, and not by way of argument, implication, or inference merely. *State* v. *Philbrick*, 31 Maine, 401 ; *State* v. *Paul*, 69 Maine, 215.    In the case first cited the implication was exceedingly strong ; but the allegation was not direct, and the indictment was held insufficient.

In the present case, the complaint alleges that the defendant transported intoxicating liquors from the office of the N. E. Dispatch Express Company, in Bath, to the building, Number 152, on the west side of Commercial street, with intent that said liquors should be sold in this State in violation of law. But it will be noticed that the complaint omits to allege that the defendant knew that the liquors were intoxicating.    This was a fatal omission.    The statute upon which the complaint was founded (R. S., c. 27, § 31), declares that no person shall "knowingly" transport, etc.    Knowledge that the liquors were

intoxicating is thus made important. It is the very essence of the offense and should be directly averred.

True, the complaint avers an intent on the part of the defendant that the liquors should be sold in this State in violation of law, and this may seem to imply a knowledge on his part that they were intoxicating liquors; but this is not a necessary inference, and clearly not such a direct and positive averment of the fact, as the rules of criminal pleading require. We think the complaint is fatally defective, and that the motion in arrest of judgment must be sustained.

*Exceptions sustained. Judgment arrested.*

PETERS, C. J., VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.