Frederick W. Hartwell, Trustee, *et al. vs.* Mary Abby Tefft.

Pub. Laws R. I. cap. 627, § 7, of March 26, 1866, gave to a child, adopted in accordance with the provisions of the chapter, the rights of inheritance, etc., the same as if he had been born to the parents by adoption in lawful wedlock "except that he shall not be capable of taking property expressly limited to the heirs of the body or bodies of the parents by adoption," etc.

A testator, by a will made before the enactment of the statute, gave a fund to trustees to pay the income to children and grandchildren, and upon their death to pay their respective portions to their "lawful issue," and if any of them should die without leaving "lawful issue," then a gift over. Subsequently the testator added three codicils to his will, two of which were made after the statute was passed, and in which he expressly declared that they were to be a part of the will and codicils. The testator left a granddaughter, who died without leaving issue of her body, but leaving a child adopted by her and her husband after the testator's death.

*Held*, that as the last two codicils were republications of the will as of the date of the codicils, and were made after the enactment of the statute, the adoption of the child after the testator's death was a possibility which he must be presumed to have known, and in view of which his will is to be construed.

*Held*, further, that as there was nothing in the will to restrict the legal import of the word "issue," the words "lawful issue" therein are to be construed as including all descendants, and not as being limited to "heirs of the body," and hence that the bequest was not within the exception of the statute, and that the adopted child was entitled to the fund.

*Held*, further, that even if the language of the will was sufficient, had it related to realty, to create an estate tail, yet, as the gift was of personalty, the granddaughter took an absolute interest in the fund, which, upon her death, went to her adopted child.

Bill in Equity for the construction of a will. Heard on bill and answer.

*November* 21, 1896. Stiness, J. The will of Dexter Thur-

ber, late of Providence, left a fund to trustees to pay the income, in stated proportions, to children and grandchildren, and upon their death to pay their respective portions to their lawful issue, and, if any of them should die without leaving lawful issue, then a gift over. The testator left a granddaughter, Emma Thurber Brown, who married Lyman B. Tefft. She died leaving no issue of her body ; but, after the death of the testator, she joined her husband in a petition to the Municipal Court of Providence for the adoption of the respondent, Mary Abby Tefft, the child of her husband by a former wife, as their child, pursuant to Pub. Stat. R. I. cap. 164, which petition was granted and a decree entered. Mrs. Tefft having died, this bill is filed to ascertain whether the fund goes to her adopted daughter under the bequest to her lawful issue.

Our statute for the adoption of children, Pub. Laws R. I. cap. 627, § 7, of March 26, 1886,[1] says : "A child so adopted shall be deemed, for the purposes of inheritance by such child, and all other legal consequences and incidents of the natural relation of parents and children, the child of the parents by adoption, the same as if he had been born to them in lawful wedlock, except that he shall not be capable of taking property expressly limited to the heirs of the body or bodies of the parents by adoption, nor property from the lineal or collateral kindred of such parents by right of representation." The argument for the complainant is that, in using the word "issue," the testator had in mind "heirs of the body" of his granddaughter, and so the case is really within the exception of the statute.

The argument is based both upon a strict construction of the word "issue," and the fact that the will was made in 1858, before the statute for the adoption of children. A codicil was added in 1865, another in 1867, and a third in 1869. The last two codicils were after the statute ; and, as they do not revoke the will, but expressly declare that they are to be a part and portion of the will and codicils, they are

---

[1] Re-enacted, Gen. Laws R. I. cap. 192, § 6.

a republication of the will as of the later date. A part of
the argument is thus disposed of, although the fact remains
that the adoption did not take place until after the testator's
death. It was, however, in his life-time and before the last
two codicils to his will, a possibility which is presumed to
have been known to him, and in view of such possibility his
will must be construed.

The meaning of the word "issue," in a will, where, as in
this case, nothing appears to limit its legal import, was care-
fully considered in *Pearce* v. *Rickard*, 18 R. I. 142. Follow-
ing the well settled current of authority, it was held that the
word so used includes all descendants; and as the statute
gives to an adopted child the *status* of a descendant, and all
the legal consequences and incidents thereof, the same as
though he were born in lawful wedlock, there could be no
question in such a case as this were it not for the exception
of a limited estate. The question then is whether this fund
is within the exception.

In Maine, under a statute similar to ours, it was held in
*Warren* v. *Prescott*, 84 Me. 483, that the exception relates
only to an *inheritance* as an heir of the body. The reasoning
is that where an estate is limited to one and the heirs of his
body, it must go to those to whom it is expressly limited,
and that an adopted child, although he is to be regarded as
a child, an heir, and a lineal descendant of his adopting
parents, does not answer the description of an heir of the
body, and so he cannot take the property out of the line to
which it was limited. An adopted child is put, by the stat-
ute, into the *status* of a child, issue or lineal descendant,
but not that of an heir of the body. Hence, as to a legacy,
when a legatee dies before the testator, leaving an adopted
child, such child answers the description of a lineal descend-
ant, who may take the legacy under a statute which prevents
legacies from lapsing when the legatee leaves lineal descend-
ants. The reasoning seems to be conclusive. It is the same
result that was reached in *Sewall* v. *Roberts*, 115 Mass. 262,
although the reasoning in the latter case is not so fully and
clearly set forth as in the former. The court holds that the

words "heirs of the body" are used in the exception in their primary technical sense, with which the words children and issue are not equivalent terms. See also *McGunnigle* v. *McKee*, 77 Pa. St. 81.

Several cases have been cited which appear to take a different view, but we think they are clearly distinguishable from the case at bar. For example, in *Jenkins* v. *Jenkins*, 64 N. H. 407, under a similar devise and statute, the court said that the property was not expressly limited to the heirs of the body or bodies of the parents by adoption; but, being a devise of land, and the statute of adoption of children not having been passed until after the death of the testator, he must have intended an heir in fact, and not one created for the purpose by subsequent legislation and judicial proceedings. A statute of New Hampshire defined the word "issue" to mean the lawful lineal descendants of the ancestors, and so the statute for the adoption of children could not operate to act retrospectively upon the will already effectual so as to turn a devise into a different channel from that selected by the testator. Here the statute was passed before the death of Dexter Thurber.

In *Keegan* v. *Geraghty*, 101 Ill. 26, the question was whether an adopted child could take by inheritance from a child of one of the adopting parents by a subsequent marriage, the adopted child not being a sister in fact. It was held that she could not.

The statute of Pennsylvania is very different from ours. It provides that an adopted child shall have all the rights of a child and heir of the adopting parent. Hence, in *Schafer* v. *Eneu*, 54 Pa. St. 304, it was held that in a devise of land to one and her children, an adopted child could not take, especially in view of the fact that the will took effect in 1851 and the statute of adoption was not passed until 1855, when vested interests had attached.

These cases will suffice to show the distinctions. But, even upon the assumption that the words are sufficient, if they had related to realty, to create an estate tail, the result would be the same in this case, because the gift was of per-

sonalty, which, under such conditions, becomes an absolute gift. *Bailey* v. *Hawkins*, 18 R. I. 573 ; *Albee* v. *Carpenter*, 12 Cush. 382. An absolute gift of a fund to Emma Thurber Brown would, of course, now go to her adopted child.

Our opinion is that the case is not within the exception of the statute, and that the adopted daughter, having the same *status* as a child born in lawful wedlock, and hence the same as "lawful issue," is entitled to take the fund under the bequest.

*Edward D. Bassett & Edward L. Mitchell,* for complainants.

*Willard B. Tanner,* for respondent.