ALBERT H. OLNEY, trustee, *et al.*, for an opinion.

MARCH 26, 1906.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Trusts. Adoption. Children, Issue. Heirs of the Body.*

Testamentary devise to trustee, with provision partly as follows: "In the event that before the expiration of the term of said trust either of my said sons shall decease, leaving lawful issue living, said trustee shall in his discretion pay over to such issue or any of them, or expend or appropriate for his or her use and benefit such sum or sums at such times and in such manner as he shall consider expedient and necessary for his or her support and maintenance during the remainder of the term of said trust."

"Upon the decease of both of my said sons, said trust estate shall be distributed, the one-half part unto the children then living of my son A., and the other half part unto the children then living of my son B., and in case either of my sons shall decease leaving no child or children then living." . .

After the death of testator, A., under statutory provisions, adopted C. as his child. A. deceased, leaving no issue or children other than C.

On construction of will:—

*Held,* that, under Pub. Stat., cap. 164, § 7, and following *Hartwell* v. *Tefft,* 19 R. I. 644, C., as the adopted child of A., took the same interest that she would have taken if she had been the child of his body.

*Held,* further, that the object of the testator was to leave the trustee practically *in loco parentis* with more than the usual discretion of a mere trustee. The right to provide for the support of the child of a deceased son of testator carried with it the duty to do so reasonably, with due regard both to the needs of the child and the condition of the estate.

SPECIAL CASE, stated for an opinion, under section 323, chapter 18, of the court and practice act.

JOHNSON, J. Albert H. Olney of Providence, trustee under the will of George H. Copeland, late of Providence, deceased, Fanny C. Copeland, guardian of May Frances Copeland, and Lewis A. Copeland, son of said George H. Copeland, concur in stating a special case for the construction of said will. May Frances Copeland is also represented by a guardian *ad litem*.

From said statement it appears that said George H. Copeland died in 1892, leaving a will, made October 26, 1888, by which the residue of his estate, after a provision for the benefit of his widow, was left to a trustee during the natural lives of

his two sons, Frederick A. Copeland and Lewis A. Copeland, with the direction: "And from the net income thereof said trustee shall pay over to my said sons either or both or expend and appropriate for their use and benefit for and during the term of their natural lives, respectively, such sum or sums at such time or times, and in such way and manner as he in his discretion shall consider expedient and necessary to aid in providing for the support and maintenance of themselves and their families respectively. In the event that before the expiration of the term of said trust either of my said sons shall decease, leaving lawful issue living, said trustee shall in his discretion pay over to such issue, or any of them, or expend or appropriate for his or her use and benefit such sum or sums at such times and in such manner, as he shall consider expedient and necessary for his or her support and maintenance during the remainder of the term of said trust."

The will further provides:

"Upon the decease of both of my said sons all said trust estate and property then remaining undisposed of in the hands of said trustee, both principal and all unexpended and accumulated income thereof shall be by him conveyed, distributed, and paid over, discharged of all trusts—the one-half part thereof unto the children then living of my said son Frederick—and the other half-part thereof unto the children then living of my said son Lewis, the same to be conveyed and paid over to said children of my sons, respectively, in equal shares and proportions and in case any of said children of either of my said sons may have deceased leaving lawful issue living, such issue shall be entitled to receive, in equal proportions, the share his or her parent would have been entitled to if then alive: and in case either of my sons shall decease leaving no child or children then living, or lawful issue of them or any of them living, the share such child or children would have been entitled to if alive shall pass to and belong to the child or children living of my other son."

The other provisions of the will are not material to the case submitted.

After the death of the testator, said Frederick A. Copeland

joined with his wife Abbie H. Copeland in a petition to the municipal court of the city of Providence for the adoption of a child, pursuant to Pub. Stat. R. I. cap. 164, § 7, which petition was granted and a decree entered February 21, 1893, whereby said child became the legally adopted child of said Frederick A. Copeland and his wife, under the name of May Frances Copeland. Frederick A. Copeland and his wife both died in September, 1905, leaving no children or issue other than said adopted child May Frances Copeland. Lewis A. Copeland is living and has two children.

The following questions are submitted:

First: Has said child May Frances Copeland any legal rights in said estate under said will of the said George H. Copeland?

Second: If said child has legal rights in said estate under said will, what are those legal rights to said estate?

Third: If said child has legal rights to and in said estate, under said will, does she take the same rights per capita or per stirpes?

Fourth: If said child has any legal rights in said estate, under said will, has the trustee aforesaid a legal right to contribute to the care, custody, support, and maintenance of said child?

Fifth: If said child has any legal rights in said estate, under said will, is said trustee obliged to contribute to the care, custody, support, and maintenance of said child, should he not elect so to do, because of a desire to keep the estate aforesaid in a sound financial condition?

(1)    The statute for the adoption of children, in force at the time of the adoption of said child (Pub. Stat. cap. 164, § 7), says: "A child so adopted shall be deemed, for the purposes of inheritance by such child and all other legal consequences and incidents of the natural relation of parents and children, the child of the parents by adoption, the same as if he had been born to them in lawful wedlock, except that he shall not be capable of taking property expressly limited to the heirs of the body or bodies of the parents by adoption, nor property from the lineal or collateral kindred of such parents by right of representation."

This case is ruled by *Hartwell* v. *Tefft*, 19 R. I. 644.

In that case the testator left a fund to trustees to pay the income in stated portions to children and grandchildren, and upon their death to pay their respective portions to their lawful issue; then a gift over. The testator left a granddaughter who married and died, leaving no issue of her body, but leaving a child adopted by her and her husband, pursuant to Pub. Stat. R. I. cap. 164, said adoption having taken place after the decease of the testator. A bill was filed to ascertain whether the fund went to her adopted daughter under the bequest to her lawful issue. The court held that it did. The argument *contra* was based both upon a strict construction of the word "issue" and the fact that the will was made before the statute for the adoption of children. The latter has no application to the case at bar, as the statute was in existence at the time the will was made. The language of the court on that point, however, is illuminating. There had been three codicils added to the will, two after the statute, and speaking of these the court says: "As they do not revoke the will, but expressly declare that they are to be a part and portion of the will and codicils, they are a republication of the will as of the later date. A part of the argument is thus disposed of, although the fact remains that the adoption did not take place until after the testator's death. It was, however, in his lifetime and before the last two codicils to his will, a possibility which is presumed to have been known to him, and in view of such possibility his will must be construed." The court holds that the words "heirs of the body" are used in the statute in their primary and technical sense with which the words "children" and "issue" are not equivalent terms, and that the case therefore is not within the exception of the statute. *Warren* v. *Prescott,* 84 Me. 483, and *Sewall* v. *Roberts,* 115 Mass. 262, cited by the court, are directly in point and were decided under statutes similar to ours.

In answer to the first question submitted, our opinion, therefore, is that May Frances Copeland, as the adopted child of Frederick A. Copeland, takes the same interest under said will that she would take if she were the child of his body.

As it can not be known what persons will be alive at the

termination of the trust period, there appears to be no present necessity for an answer to the second and third questions.

The fourth question must be answered in. the affirmative. Frederick A. Copeland having deceased, the trustee stands in the same relation to May Frances Copeland as if she were the child of the body of said Frederick A. Copeland and has the power, in his discretion, to expend or appropriate for her use and benefit such sum or sums, at such times and in such manner, as he shall consider expedient and necessary for her support and maintenance, during the continuance of said trust.

The fifth question relates to the discretion of the trustee under the will. The discretion given to the trustee is very broad. We think the object of the testator was to leave him practically *in loco parentis*, with more than the usual discretion of a mere trustee. Such a discretion is to be reasonably used. The right to provide for the support and maintenance of the child of a deceased son of the testator carries with it the duty to do so reasonably, with due regard both to the needs of the child and the condition of the estate.

*William A. Champlin, and Waldo R. Bartlett,* for the parties.