## ALEXANDER *et al. v.* LAMAR *et al.*

No. 13282. June 14, 1940. Rehearing denied July 15, 1940.

*Claude Christopher,* for plaintiff in error.
*Joseph R. Cumming,* contra.

Reid, Chief Justice. This case is not the same case as that, reported in *Alexander* v. *Lamar,* 188 *Ga.* 273 (3 S. E. 2d, 656), but in a way it is a sequel to it. Both cases relate to an alleged contract by Maggie Griggs to adopt Namon Alexander, a bastard boy, who was the illegitimate child of Magnolia Lamar. It appears that Namon survived Maggie for a short while. In the case just referred to Magnolia Lamar set up the contract to adopt; that on Maggie's death Namon would have inherited a portion of her real estate if she had performed her contract to adopt him; that on Namon's death she (Magnolia) as Namon's mother and sole heir would have inherited his share in Maggie's estate; and that in equity, under the maxim "Equity considers that done which ought to be done, and directs its relief accordingly" (Code, § 37-106), she was entitled to recover Namon's portion of Maggie's estate from Maggie's administrator. In that case we held that under our statute relative to adoption (Code, § 74-401) the natural mother of an illegitimate child that has been adopted by another woman as her child is no longer the child's mother and heir within the purview of the rules of inheritance, but that the adopting mother succeeds to the rights of the natural mother in this respect. It followed that if that had been done which ought to have been done, that is, if the contract of adoption had been actually consummated, Magnolia would not have been entitled to inherit from Namon. We accordingly held that equity could not place her in a better position than she would have occupied had the contract been fully performed, and that she could not recover. In this case it now appears that Magnolia, after giving birth to the illegitimate child, Namon, married and has by this marriage three legitimate

children, the present plaintiffs; and that she has had no other illegitimates. The plaintiffs in this action set out the same case as that passed on in 188 *Ga.* 273, supra, except that they claim to be Namon's heirs, whereas in that case the mother claimed to be the heir. It was pointed out in the former decision that while under the statute the adopting mother was substituted for the natural mother, "'As to all other persons' the child stands as if no such act of adoption had been taken. . . The statute does not attempt to force the adopted child on others than the adopting parents as an heir, nor does it deprive the child of its kindred other than its natural parents."

Under our law relating to inheritance from bastards (Code, § 113-904), the order of inheritance is as follows: (1) issue and widow; (2) mother, illegitimate brothers and sisters, equally; (3) (or if no mother) illegitimate brothers and sisters, and descendants thereof; (4) legitimate brothers and sisters and their descendants; (5) with further provisions for degrees more removed. It appears that at the death of the bastard in this case he had no widow or issue, and no illegitimate brothers and sisters. It follows that unless he had a living mother within the meaning of these rules, the plaintiffs as his brothers and sisters of legitimate blood would be his heirs. We think now, as we thought before, that the rights of the parties as regards the present cause of action must be considered as if that had been done which ought to have been done; that is, as if the contract of adoption had been actually consummated. In the former decision we held that the bastard's mother (Magnolia) could not in such case be treated as his mother within the purview of the rules of inheritance. It would seem to follow, that, the adopting mother (Maggie) having died before the child died, there is no mother to be taken into consideration in applying for the purposes of the present case the rules of inheritance. This leaves the plaintiffs as the bastard's heirs at law. It is true, as contended by the plaintiffs in error, that "illegitimates have no inheritable blood except that given by express law:" but it is also true that the legislature has full power to fix such rules of inheritance as they may see fit to enact. *Alexander* v. *Lamar,* supra. We are applying what, in our judgment, the legislative body has enacted on this subject.

Counsel for the plaintiffs in error cites *Pair* v. *Pair,* 147 *Ga.* 758

(95 S. E. 295), holding that when the action is for recovery of personal property which a child who died would have been entitled to upon an equitable declaration of an adoption, the suit must be brought by the child's personal representative, and not by his heirs. In this case only real estate is involved, and it is alleged that there is no representation of his estate. In such cases the heirs are the appropriate plaintiffs. The judge did not err in overruling the demurrer to the petition.

*Judgment affirmed. All the Justices concur.*

### ON MOTION FOR REHEARING

Able counsel strongly argues that our decision is contrary to the principle that the rules of inheritance can not be abolished by contract—relying on *Pylant* v. *Burns,* 153 *Ga.* 509 (112 S. E. 455), which can hardly be said wholly to sustain the alleged principle (cf. Hudnall *v.* Ham, 183 Ill. 486, 56 N. E. 172, 48 L. R. A. 557, 75 Am. St. R. 124), and contrary to *Pair* v. *Pair,* 147 *Ga.,* 754 (supra). The gist of the decision in this case, considered in connection with the case of *Lamar* v. *Alexander,* 188 *Ga.* 273 (supra), to which this case is related as stated in the opinion, is that the rules of inheritance in the Code are to be construed in pari materia with the adoption statute contained in chapter 74-4 of the Code. It involved no application of any principle discussed or decided in *Pylant* v. *Burns.* We are confident that our opinion is in line with and not in conflict with *Pair* v. *Pair,* because that decision holds that equity in dealing with a case of virtual adoption will treat it as if the adoption had taken place; though in that case the heir of the child, which equity treated as having been adopted, was denied a right of action, solely because the action related to personal property; because in this State the right of action to recover a decedent's personal property is in his personal representative, and not in his heir. We held in *Lamar* v. *Alexander,* that under the rules of inheritance, as construed in pari materia with the adoption statute, the natural mother of the bastard was not a mother within the meaning of the inheritance statute (Code, § 113-904). This being so, it follows that in applying that statute to the facts of this case we must eliminate the natural mother, just as if she were dead or otherwise non-existent. This is not legislating. It is merely so interpreting statutory provisions as to make them correspond to a plain legislative design.      *Rehearing denied.*