## WALKER et al. v. O'BRIEN et al.
### No. 9533.

Circuit Court of Appeals, Ninth Circuit.
Dec. 3, 1940.

A. G. M. Robertson, of Honolulu, T. H. (Robertson, Castle & Anthony, of Honolulu, T. H., of counsel), for appellants.

Charles M. Hite, of Honolulu, T. H., for appellee Von Holt, trustee.

Ingram M. Stainback, of Honolulu, T. H., and Earl J. Opsahl, of Hollywood, Cal., for appellee Clark.

Before DENMAN and MATHEWS, Circuit Judges, and McCORMICK, District Judge.

MATHEWS, Circuit Judge.

This appeal is from a decree of the Supreme Court of the Territory of Hawaii which, on appeal from a decree of a Territorial circuit judge, determined the rights of Margaret Mamo Clark and Flora Hiram (also known as Flora Margaret Crowell) under a trust deed whereby John A. Cummins, as trustor, conveyed certain property to Joseph O. Carter, as trustee, on October 1, 1896.

The deed provided that, out of the net income of the trust thereby created, the trustee should make certain payments to the trustor's wife, Kahalewai Cummins, during her life, to the trustor himself during his life, and after the trustor's death, to the four children of the trustor and his wife, namely, Thomas B. Cummins, Matilda K. Walker, Jane P. Merseberg and May I. Creighton (later known as May K. Clark); that the net income of the trust, after the trustor's death, should "be subject * * * to a further charge of [$30] per month to be paid to Flora Hiram for and during the term of her natural life;" and that "upon the death of the last surviving child of the [trustor and his wife], the entire trust estate and all property for the time being representing the same shall thereupon vest in and forthwith be transferred and conveyed, free and clear of this trust, to the lawful issue of the children aforesaid then

surviving, such issue to take by right of representation."

The trustor's wife died in 1902, the trustor in 1913, Jane P. Merseberg in 1918, Thomas B. Cummins in 1928, May K. Clark (formerly May I. Creighton) in 1935 and Matilda K. Walker—the last surviving child of the trustor and his wife—in 1937. Matilda K. Walker was survived by appellants (John T. Walker and others), by Margaret Mamo Clark and by Flora Hiram. Appellants are the lawful issue of Matilda K. Walker, Jane P. Merseberg and Thomas B. Cummins. Margaret Mamo Clark is the adopted child of May K. Clark. May K. Clark never had any other child.

On January 21, 1938, the present trustees, Ray J. O'Brien and Hawaiian Trust Company, Limited (successors in trust of Joseph O. Carter), filed a "bill for instructions." Thereby the trustees sought a judicial determination of the rights of Margaret Mamo Clark and Flora Hiram under the trust deed. A territorial circuit judge heard the case and entered a decree from which an appeal was taken to the Territorial Supreme Court. The Supreme Court set aside the circuit judge's decree and entered a decree* the pertinent portions of which are as follows:

"That Margaret Mamo Clark, the adopted daughter of said May K. Clark, is lawful issue of said May K. Clark within the meaning and intent of the [trust deed], and as such is entitled to participate in the distribution of the corpus of the trust estate in the hands of the trustees to the extent of one-fourth thereof;

"That Flora Hiram, also known as Flora Margaret Crowell, was by the terms of said [trust deed], given an annuity for and during the term of her natural life, payable in monthly instalments of thirty dollars each, and is entitled to receive the same during such period notwithstanding the termination of the trust. To this end, the trustees shall retain sufficient of the corpus of the estate during the lifetime of said Flora Margaret Crowell to safely yield income in said amount, or, in their discretion, to purchase out of the corpus of the trust estate, before the distribution of said corpus to those entitled thereto, an annuity of equal value."

From that decree this appeal is prosecuted.

Appellants contend that Margaret Mamo Clark, being an adopted child and not a child of the blood, is not the "issue" of May K. Clark, within the meaning of the deed; that the right of Flora Hiram to receive $30 a month, as provided in the deed, ceased upon the death of Matilda K. Walker; and that, in rejecting these contentions, the Supreme Court misconstrued the deed and committed reversible error.

■ The deed was executed in Hawaii. The property it conveyed was situate in Hawaii. The trustor, the trustee and all beneficiaries of the trust resided in Hawaii. The Supreme Court, therefore, was required to and did construe the deed in accordance with its understanding of the laws of Hawaii. To that understanding deference must be paid. Waialua Agricultural Co. v. Christian, 305 U.S. 91, 106–109, 59 S.Ct. 21, 83 L.Ed. 60.

■ There is no claim, nor any basis for claiming, that the Supreme Court's construction of the deed violates the Constitution or any law of the United States. That construction was based, not on Federal law, but on local law—Hawaiian law. Therefore, unless manifestly erroneous, it must be accepted as correct. Waialua Agricultural Co. v. Christian, supra.

■ To hold, as the Supreme Court did, that the term "issue," as used in the deed, included an adopted child was not manifest error. The term has often been thus broadly construed. Estate of Kamauoha, 26 Haw. 439, 442–464; In re Newman, 75 Cal. 213, 16 P. 887, 7 Am.St.Rep. 146; Estate of Winchester, 140 Cal. 468, 74 P. 10; Hartwell v. Tefft, 19 R.I. 644, 35 A. 882, 34 L.R.A. 500; In re Olney, 27 R.I. 495, 63 A. 956; In re Holden's Trust, 207 Minn. 211, 291 N.W. 104, 106–112. That some courts have construed the term more narrowly does not make the broader construction manifestly erroneous.

■ Nor was it manifest error to hold that the right of Flora Hiram to receive $30 a month, as provided in the deed, did not cease upon the death of Matilda K. Walker. The deed provided for the payment of $30 a month to Flora Hiram "for

---

* O'Brien v. Walker, 35 Haw. 104. From the opinion (35 Haw. at page 136) it appears that the Supreme Court remanded the case to the circuit judge for further proceedings. Actually, however, there was no such remand. Instead, the Supreme Court, pursuant to a stipulation of the parties, entered a final decree in the case.

and during the term of her natural life." It also provided for the immediate distribution of the trust estate upon the death of the last surviving child of the trustor and his wife. Flora Hiram having outlived Matilda K. Walker, the last surviving child of the trustor and his wife, literal compliance with the second provision would have nullified the first. Construing the two provisions together, the Supreme Court held, and properly so, that the first was controlling.

Decree affirmed.