COMER *et al. v.* COMER.

No. 14315.   DECEMBER 1, 1942.

80

84

*Harris, Russell, Weaver & Land,* for plaintiffs in error.
*Miller & Lowrey* and *Turpin & Lane,* contra.

BELL, Presiding Justice. The will was executed in Bibb County, Georgia, where the testator resided, and should be construed in the light of and in accordance with the law of this State. *Guerard* v. *Guerard,* 73 *Ga.* 506; *Sumpter* v. *Carter,* 115 *Ga.* 893 (42 S. E. 324, 60 L. R. A. 274); 69 C. J. 44, 133, §§ 1111, 1172. The will was executed in 1920; the testator died in 1923; and it was not until fourteen years after his death that the plaintiff was adopted as a child by the testator's daughter, in North Carolina. At the time the testator made his will, and at the time of his death, there was a law in this State providing for the adoption of children, but according to this law any child that might be adopted by one of his children would stand to him as if no such adoption had taken place. Code (1910), § 3016 (1933) § 74-404; *Alexander* v. *Lamar,* 188 *Ga.* 273 (3 S. E. 2d, 656, 123 A. L. R. 1032); *Id.,* 190 *Ga.* 656 (10 S. E. 2d, 42). Thus, no act of the testator's daughter in adopting a child, whether before or after his death, could have created any relationship between such child and the testator, so as to make that child his own grandchild, upon whom he might naturally desire to bestow a bounty; and there is no reason to infer that he had in mind any other law as to adoption of children and resulting relationships. Nor can it be said that he even contemplated that any one of his children would in the future adopt a child, so as to create the relation of parent and child between *them.*

It is of course within the legislative power to confer upon an adopted child the right to inherit from its adoptive parents; but in this case the child is not claiming as an heir of his adoptive mother or as her representative under the laws of inheritance. He is claiming, on the contrary, as a legatee under a will, and his rights, if any, are dependent on that instrument.

The ultimate question therefore is, not as to the meaning of any statute, but what was intended by the testator? Code, § 113-806. In 1 Am. Jur. 665, § 64, it is stated: "In the matter of construing the rights of an adopted child to take under a will, it should be borne in mind that it is not a question of the right of an adopted child to inherit, but simply a question of the testator's intention with respect to those who are to share in his estate. The disposition of the courts is to confine and limit the word 'children' in its application, when it occurs in a will, to its natural import, ex-

cluding adopted children, except where the testator has clearly shown by other words that he intended to use the term in a more extensive sense." See 69 C. J. 177-179, §§ 1200-1203.

In the instant case the plaintiff claims an interest in the estate under items 4, 8, and 9 of the will, and prays for construction of these items. He is seeking also a present recovery under item 9; and the particular inquiry is whether the plaintiff, as an adopted child of the testator's daughter, but who was not adopted until after the testator's death, comes within the language of any of these items. The will is of course to be construed as a whole; and we find an express connection between each of these items and item 7. The plaintiff relies on the following terms as making him a legatee, entitled to share in the estate in certain contingencies: "the representatives of children," "the representatives of children, per stirpes," and "representatives of children in proportion to their interests in said property" (item 4); "representatives of deceased children to stand in the place of deceased parents and take per' stirpes and not per capita," "children of deceased parents representing the share of any deceased parent" (item 7); "representatives of children, per stirpes" (item 8); and the "issue" of any daughter who shall die "leaving issue" as expressed in item 9; it being further declared in this item that: "In the event of the death of any daughter, not leaving children or the representatives of children her surviving, then the share of such daughter, under the 7th item of this will, shall go to her surviving brothers and sisters or their representatives, per stirpes, at the times and in the manner the shares of such surviving brothers and sisters, under the 7th item of this will are to be turned over to them as herein provided."

None of the language here quoted would, according to its natural import, include a person that was adopted as a child by one of the testator's children, where the adoption did not take place until after the testator's death. It would be unreasonable to say that he had any such adopted child in mind at the time of making his will, and it would require a clear addition to that instrument to include the plaintiff as one of the objects of his bounty. There being nothing in the will to the contrary, it is presumed that the testator intended that his property should go according to the law of natural descent, and not according to some artificial relation

created by law. *Allen* v. *Durham,* 173 *Ga.* 811 (161 S. E. 608);
*Wright* v. *Hicks,* 12 *Ga.* 155 (10) (56 Am. D. 451); *Martin* v.
*Citizens Bank of Marshallville,* 180 *Ga.* 741, 746 (180 S. E. 734).
Generally, the terms "issue," "children," "heir," and words of
similar import, in a will, are intended to refer to natural or blood
relationships, and would not include an adopted child in the ab-
sence of circumstances clearly showing that the testator so in-
tended. The artificial relation created by adoption is an unusual
and exceptional one, and hence would not fall within the ordinary
signification of such terms. Compare *Hicks* v. *Smith,* 94 *Ga.* 809
(3) (22 S. E. 153); *Johnstone* v. *Taliaferro,* 107 *Ga.* 6 (32 S. E.
931, 45 L. R. A. 95); 69 C. J. 177, § 1200 (c). In Estate of
Puterbaugh *v.* Robins, 261 Pa. 235 (104 Atl. 601, 5 A. L. R.
1277), it was held that a child adopted by a son of a testator after
his death was not within a provision of his will giving a life-estate
to the son, with remainder after the son's death to his child or
children. See editorial note on this question, in 5 A. L. R. 1280.
In the instant case there is nothing in the language quoted from
items 4, 8, and 9 that can reasonably be construed as applying to
the plaintiff. Nor is a different conclusion authorized, when we
consider also the language of item 10, or examine the will in its
entirety.

The Code, § 85-504, defining the words "heirs," "heirs of the
body," and other words, for the purpose of determining who shall
take in remainder where there are limitations over, was enacted
only as a rule of property different from the former law, and does
not purport to deal in any manner with the adoption of children
or with any right flowing from such adoption. *Ewing* v. *Shrop-
shire,* 80 *Ga.* 374 (7 S. E. 554); *Crawley* v. *Kendrick,* 122 *Ga.*
183, 185 (50 S. E. 41, 2 Ann. Cas. 643). This section therefore
can have no bearing on the construction of a will, as to whether a
person adopted as a child by a daughter of a testator was intended
as a beneficiary.

While it was alleged in the petition that if the plaintiff's adop-
tive mother died seized of any right or interest under items 4 and
8, such right or interest passed to the plaintiff under the will of his
adoptive mother, it is clear from the briefs that the question here
relates only to the right of the plaintiff to take as a purchaser un-
der the will of John D. Comer Sr., and not to any right which

his adoptive mother may have sought to confer upon him by the terms of her own will.

From what has been said, we are of the opinion that the plaintiff is not a direct beneficiary under any provision of the will of John D. Comer Sr., and that the court erred in overruling the general demurrer to the petition as amended. See further, Phillips v. McConica, 51 Ohio St. 1 (51 N. E. 445, 69 Am. St. R. 753); Re Corr's Estate, 338 Pa. 337 (12 Atl. 2d, 76); Trowbridge v. Trowbridge, 127 Conn. 469 (17 Atl. 2d, 517); Hall v. Crandall (Del.), 20 Atl. 2d, 545; Woods v. Crump, 283 Ky. 675 (142 S. W. 2d, 680); Union Trust Co. v. Campi, 51 R. I. 76 (151 Atl. 131); Bundy v. United States Trust Co., 257 Mass. 72 (153 N. E. 337); Gallaher v. Sullivan, 251 Mass. 552 (146 N. E. 769); White v. Meyer, 66 Ohio App. 549 (37 N. E. 2d, 546); Re Harrington's Estate, 96 Utah, 252 (85 Pac. 2d, 630); Re Haye's Estate, 161 Ore. 1 (86 Pac. 2d, 424, 87 Pac. 2d, 766); Reinders v. Koppelman, 94 Mo. 338 (7 S. W. 288); Hockaday v. Lynn, 200 Mo. 456 (98 S. W. 585, 8 L. R. A. (N. S.) 117); Van Derlyn v. Mack, 137 Mich. 146 (100 N. W. 278, 66 L. R. A. 437, 109 Am. St. R. 669, 4 Ann. Cas. 879); Moritz v. Callender, 291 Mich. 190 (289 N. W. 126, 117 A. L. R. 714, note); Leask v. Hoagland, 197 N. Y. 193 (90 N. E. 652, 27 L. R. A. (N. S.) 1158, 134 Am. St. R. 866, 18 Ann. Cas. 516).

Cited for the plaintiff: Warren v. Prescott, 84 Maine, 483 (24 Atl. 948, 17 L. R. A. 435, 30 Am. St. R. 370); Hartwell v. Tefft, 19 R. I. 644 (35 Atl. 882, 34 L. R. A. 500); Re Olney, 27 R. I. 495 (63 Atl. 956), cited in 27 L. R. A. (N. S.) 1160, note; Haver v. Herder, 96 N. J. Eq. 554 (126 Atl. 661); Smith v. Hunter, 86 Ohio, 106 (99 N. E. 91). Whether these cases may be distinguished from the present case, either by their facts or in view of different statutes, they do not persuade us to a different conclusion; nor do we find other ground upon which to sustain the plaintiff's contentions.

Nothing said in this opinion is intended as an expression or intimation on whether the same or a different result should be reached if such an adoption should take place *before* execution of the will or death of the testator. As to construction of *statutes,* see *Macon, Dublin & Savannah Railroad Co.* v. *Porter,* 195 *Ga.* 40 (22 S. E. 2d, 818).

*Judgment reversed. All the Justices concur.*