BROOKINS *v.* CITIZENS & SOUTHERN NATIONAL BANK, executor, *et al.*

No. 16541.   MARCH 15, 1949.   REHEARING DENIED MARCH 28, 1949.

*Anderson, Connerat, Dunn & Hunter* and *Jones, Jones & Sparks*, for plaintiff in error.

*Douglas, McWhorter & Adams, Lawton & Cunningham, Oliver, Oliver & Davis, Bouhan, Lawrence & Williams, Morris H. Bernstein, B. D. Murphy, M. F. Goldstein, James N. Frazer, Eugene Cook, Attorney-General, Hamilton Lokey, Walton, Hubbard, Shroeder, Lantiff & Atkins,* contra.

WYATT, Justice. The briefs filed in this case devote considerable argument to the question of whether or not there was a statutory or virtual adoption. We pass over those preliminary questions and go directly to the real question presented, whether or not the plaintiff in error can take under Item Six of the will as an adopted child under the facts appearing from the pleadings.

Many outside authorities are cited in the briefs of opposing counsel. We do not deem it necessary to discuss them in detail here, but deem it sufficient to say that the authorities in other jurisdictions are in conflict on the question here to be decided.

The paramount question here is this: did the testator intend to include the plaintiff in error as a beneficiary under Item Six of his will? The only Georgia case cited, and the only one we have been able to find shedding much light upon the question now under consideration is *Comer* v. *Comer,* 195 *Ga.* 79 (23 S. E. 2d, 420, 144 A. L. R. 664). There the adoption was fourteen years after the death of the testator, and it was held that the testator could not, for that reason, have had the adopted child in mind as a beneficiary when the will was executed. It is true that this court there stated that no ruling was made on the question in a case where the adoption was "before execution of the will or death of the testator." That statement was proper, because that question was not then before the court.

It must be borne in mind that the plaintiff in error is not claiming to inherit as an heir of her adoptive parents, but is claiming to take under the provisions of a will. In *Comer* v. *Comer,* supra, this court said: "At the time the testator made his will, and at the time of his death, there was a law in this State providing for the adoption of children, but according to

this law any child that might be adopted by one of his children would stand to him as if no such adoption had taken place. . . Thus, no act of the testator's daughter in adopting a child, whether before or after his death, could have created any relationship between such child and the testator, so as to make that child his own grandchild, upon whom he might naturally desire to bestow a bounty." In the same opinion this court quoted with approval from 1 Am. Jur. 665, § 64, as follows: "In the matter of construing the rights of an adopted child to take under a will, it should be born in mind that it is not a question of the right of an adopted child to inherit, but simply a question of the testator's intention with respect to those who are to share in his estate. The disposition of the courts is to confine and limit the word 'children' in its application, when it occurs in a will, to its natural import, excluding adopted children, except where the testator has clearly shown by other words that he intended to use the term in a more extensive sense." See also *Everitt* v. *La-Speyre,* 195 *Ga.* 377 (24 S. E. 2d, 381).

We think that the quotations from the *Comer* case, supra, are directly in point and applicable to the facts in this case. At the time the will in question was executed, the law in this State, after providing the procedure for adoption, declared that the decree of the court in the proceedings "shall declare said child to be the adopted child of such person and capable of inheriting his estate, and also what shall be the name of such child; thenceforward the relation between such·person and the adopted child shall be, as to their legal rights and liabilities, the relation of parent and child, except that the adopted father shall never inherit from the child. To all other persons the adopted child shall stand as if no such act of adoption had been taken." Code (1910), § 3016, (1933) § 74-404. We are confronted, therefore, with the proposition that, at the time of the adoption in this case, whether before or after the will was executed, and whether before or after the death of the testator, the adopted child as to the testator stood "as if no such act of adoption had been taken." This status as between the parties is the result of a plain provision of our statutory law. It follows that, in order to hold in this case that the adopted child takes under Item Six of the will,

the court must say something which the testator himself did not see fit to say. This the courts are not, of course, authorized to do.

From what has been said above, it follows that there was no error in the judgment complained of.

*Judgment affirmed. All the Justices concur.*