## WILSON v. INGRAM, executor.

WYATT, Justice. 1. Counsel in the instant case devote much of their argument to the question of whether or not the allegations of the petition are sufficient to authorize a court of equity to decree that there had been a virtual adoption of the petitioner by the testator. In the view we take of this case, it is not necessary to pass upon that question here.

2. A will is to be construed by the law as it exists at the date of the death of the testator. *Hertz* v. *Abrahams,* 110 *Ga.* 707 (36 S. E. 409). Hence, the 1949 act of the Georgia Legislature (Ga. L. 1949, p. 1157) has no application to the instant case.

3. Granting, but not deciding, that the allegations of the petition are sufficient to show a virtual adoption, can the petitioner recover as a child under a will devising property "to my children, share and share alike"? This court in *Comer* v. *Comer,* 195 *Ga.* 79, 87 (23 S. E. 2d, 420, 144 A.L.R. 664), said: "Generally, the terms 'issue,' 'children,' 'heir,' and words of similar import, in a will, are intended to refer to natural or blood relationships, and would not include an adopted child in the absence of circumstances clearly showing that the testator so intended. The artificial relation created by adoption is an unusual and exceptional one, and hence would not fall within the ordinary signification of such terms." See also *Everitt* v. *LaSpeyre,* 195 *Ga.* 377 (24 S. E. 2d, 381), and *Brookin* v. *Citizens & Southern National Bank,* 205 *Ga.* 128 (52 S. E. 2d, 461). "In the matter of construing the rights of an adopted child to take under a will, it should be borne in mind that it is not a question of the right of an adopted child to inherit, but simply a question of the testator's intent with respect to those who are to share in his estate. The disposition of the courts is to confine and limit the word 'children' in its application, when it occurs in a will, to its natural import, excluding adopted children, except where the testator has clearly shown by other words that he intended to use the term in a more extensive sense." 1 Am. Jur. 664, § 64, and quoted with approval in *Comer* v. *Comer,* supra, and *Brookin* v. *Citizens & Southern National Bank,* supra. "The ordinary popular and legal sense of the word 'children,' embraces only the first generation of offspring; and for it to be extended further, there must either be something in the context showing that a larger signification is intended, or the person using it must know that there neither then is, nor can afterwards be, any person to whom the term can be applied in its appropriate sense." *Willis* v. *Jenkins,* 30 *Ga.* 167.

4. The next question is: Does the term "children" include the petitioner, who is an illegitimate child of the testator? It has been held many times by this court that the term "children" does not include an illegitimate child. See *Hicks* v. *Smith,* 94 *Ga.* 809 (22 S. E. 153); *Floyd* v. *Floyd,* 97 *Ga.* 124 (24 S. E. 451); and *Johnstone* v. *Taliaferro,* 107 *Ga.* 6 (32 S. E. 931).

5. It is contended that a certain affidavit executed by the testator some six years prior to his death, stating in effect that the petitioner was his child, together with the fact that the petitioner lived in the testator's home, and that the testator referred to the petitioner as his child, is sufficient to show that the testator in the instant case intended to

include the petitioner in the term "children" as used in his will. The intention to include persons other than natural, legitimate children within the term "children" in a will must be found in the will itself, extraneous evidence being inadmissible to give it a more inclusive meaning. 57 Am. Jur. 692, § 1071; *Willis* v. *Jenkins,* supra; 57 Am. Jur. 693, § 1074; and *Hanvy* v. *Moore,* 140 *Ga.* 691 (79 S. E. 772). The will in the instant case uses the word "children" without any qualification whatever. There is no reference to the intended devisees other than by the use of the term "children", nor is there anything in the context of the will to show that a different and more extensive use of the term was intended than that in which it is usually employed. We therefore hold, under the rulings above made, that the term "children" as used in the will in the instant case does not include the petitioner, either as an adopted child or as an illegitimate child of the testator. Accordingly, it was not error to sustain the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*

No. 17184. SEPTEMBER 12, 1950.

*Hicks & Culbert* and *J. B. White,* for plaintiff.
*Albert D. Tull,* for defendant.