### 32585. FAULK v. FAULK et al.

JORDAN, Justice.

Larry F. Faulk appeals from a summary judgment which denied his claim to a remainder interest in land described in the seventh item of the will of Mark S. Faulk.

Mark S. Faulk executed his will in 1941 and died in 1944. At the time of the testator's death, his son Charlie R. Faulk, who was devised property in the seventh item, was unmarried. Charlie R. Faulk thereafter married, and in 1974 he adopted the appellant, the adult son (age 26) of his wife. Charlie R. Faulk died July 31, 1976.

The pertinent provisions of the seventh item of the will of Mark S. Faulk are as follows: "We give, devise and bequeath to our son, Charlie R. Faulk [described land]. . . To have and to hold said real property and every part and parcel thereof, in trust nevertheless, for the use and benefit of such children of said Charlie R. Faulk as may be in life at the time of our deaths and such as may be born thereafter and for the support, maintenance, and education of such children during the term of the natural life of the said Charlie R. Faulk, with the right, power and privilege to the said Charlie R. Faulk, trustee as aforesaid to manage said property during his life time as fully as though he owned the same, except, that we desire that he shall not have the power to sell said land or any part

thereof without first obtaining an order of court for the purpose on cause shown. And it is our will and desire that the said Charlie R. Faulk shall not be required to account for the profits, incomes, rents, issues, and increases of said property during his life time, but that he shall farm and manage said property according to his own judgment and furnish to his said children a home and maintenance and education as long as he lives. In the event there may be no child of the said Charlie R. Faulk in life at the time of our deaths it is our will and desire that the said Charlie R. Faulk shall farm, manage and control said property, and manage, use or invest the profits, rents and issues thereof according to his best judgment and convenience, applying a sufficiency thereof to his own support and as compensation to himself for his services in managing said property and without being required to account for profits until said trust is called into being by the birth of a child to him, and from the birth of such child to hold said property and the accumulation thereof in trust as aforesaid. Upon the death of the said Charlie R. Faulk it is our will and desire that said property shall thereupon vest in remainder absolutely in any child or children of the said Charlie R. Faulk that may then be in life, descendants of deceased children to take the share which if their parent were living would come to him, her or them. In the event that no child or children or descendants of children of the said Charlie R. Faulk shall be in life at the time of the death of said Charlie R. Faulk then in that event it is our will and desire that said property shall be divided equally among our remaining children (descendants of deceased children to stand in lieu of their deceased parent) to share and share alike. It is my will and desire that upon the death of the said Charlie R. Faulk. said property shall go to the persons entitled, as aforesaid, freed from the trust."

Under the law in effect on the date of the testator's death, a person adopted by his son Charlie R. Faulk after the testator's death would not be a legatee under the provision of his will devising property to the son for life with remainder to the son's "child or children," unless the will showed the intention of the testator to include an adopted child. *Comer v. Comer,* 195 Ga. 79 (23 SE2d 420)

(1942).

Under the law in effect at the death of the life tenant, Charlie R. Faulk, an adopted adult person, would be deemed a natural child under a testamentary devise unless expressly excluded therefrom. Code Ann. § 74-420 (Ga. L. 1941, pp. 300, 308; 1967, p. 803). (Under the rulings made in this opinion it is unnecessary for us to determine the constitutionality of this law, which was challenged by the appellees.)

The language of item 7 leaves no doubt that it was the testator's intention to provide only for the natural children of his son. The item first directed that the property be held for the benefit of such children of Charlie R. Faulk as may be in life at the time of the death of the testator. (There were none.) It then provided that the property be held for the benefit of such children "as may be *born* thereafter," and if there is no child in life at the time of the death of the testator, Charlie R. Faulk is authorized to manage the property without accounting for the profits "until said trust is called into being by the *birth* of a child to him, and from the *birth* of such child to hold said property and the accumulation thereof in trust as aforesaid." (Emphasis supplied.) The reference to "child" in the sentence disposing of the remainder interest, when considered with the language above quoted in the sentence immediately preceding it, must certainly mean a natural child.

Under the factual situation no trust ever came into being because Charlie R. Faulk never had a child "born to him," and the cases cited by the appellant dealing with the law applicable to the termination of a trust have no application here.

The present case comes within the ruling in *Smyth v. Anderson,* 238 Ga. 343 (232 SE2d 835) (1977), where it was held that an adopted grandchild whose adoption occurred after the testator's death (in 1937) was not included in the term "child" as used in the item of the testator's will being construed by the court.

The trial judge did not err in granting summary judgment to the appellees, and denying summary judgment to the appellant.

*Judgment affirmed. All the Justices concur, except*

*Bowles, J., who concurs in the judgment only.*

ARGUED SEPTEMBER 14, 1977 — DECIDED NOVEMBER 29, 1977 — REHEARING DENIED DECEMBER 15, 1977.

*Anderson, Walker & Reichert, Mallory C. Atkinson, John D. Reeves,* for appellant.

*Groover & Childs, Denmark Groover, Jr., Duross Fitzpatrick, B. Rabun Faulk, James G. Maddox,* for appellees.