WHITE, Admr. v MEYER et

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 17776. Decided Dec. 16, 1940.

White & Mierke, Cleveland, for plaintiff-appellee.

Niman & Buss, Cleveland, for defendant-appellees Meyer.

Spieth, Taggart, Spring & Annat, Cleveland, for defendant-appellant Dorsch.

## OPINION

By TERRELL, PJ.

The question involved in this case requires an interpretation of the statute of Descent & Distribution and the Adoption Statute. Concretely stated, is an adopted child entitled to inherit not only from the adopting parent but through the adopting parent, from relatives of the adopting parent?

The facts upon which this controversy is based are as follows:

William D. Dorsch, defendant-appellant, was adopted by Louisa Dorsch. Louisa Dorsch died leaving surviving her two brothers and a sister, Lena Post. When Lena Post died there was surviving her the defendants appellees, Charles Meyer and Thomas Meyer her brothers and William D. Dorsch, the adopted son of her deceased sister, Louisa Dorsch. The question at issue briefly stated again, is,—does William Dorsch the adopted son of Louisa Dorsch, inherit property from Lena Post, the deceased sister of Louisa Dorsch deceased?

This matter was presented to the Probate Court upon a petition of the administrator to determine that heirs of the estate of Lena Post and the Probate Court decided that the adopted son of Louisa Dorsch could not inherit from Lena Post. The case is here on appeal upon questions of law. Appellant claims that the Probate Court was in error in said conclusion.

. The statutes in question are as follows:

"Sec. 10503-4 GC: When a person dies intestate having title or right to any personal property, or to any real estate or inheritance in this state, such personal property shall be distributed and such real estate or inheritance shall descend and pass in parcenary, except as otherwise provided by law, in the following course: * * *

6. If there be no spouse, no children or their lineal descendants and no parent surviving, to the brothers and sisters, whether of the whole or of the half blood of the intestate, or their lineal descendants per stirpes."

"Sec. 10512-19 GC: Except when such child is adopted by a step-father, or a step-mother according to law, upon such decree of adoption the natural parents of the child, if living, shall be divested of all legal rights and obligations due from them to the child or from the child to them; and the child shall be free from all legal obligations of obedience or otherwise to such parents; and the adopting parent, or parents of the child shall be invested with every legal right in respect to obedience and maintainance on the part of the child as if said child had been born to them in lawful wedlock; and the child shall be invested with every legal right, privilege, obligation and relation in respect to education, maintenance and the right of inheritance of real estate, or to the distribution of personal estate on the death of such adopting parent or parents, as if born to them in lawful wedlock; provided, such child shall not be capable of inheriting property expressly limited to the heirs of the body of the adopting parent or parents; but shall be capable of inheriting property expressly limited by will or by operation of law to the child or children, heir or heirs at law, or next of kin, of the adopting parent or parents, or, to a class including any of the foregoing and provided also, on the death of the adopting parent or parents, and the subsequent death of the child so adopted, without issue, the property of such deceased parent or parents shall descend to and be distributed among the next of kin of said parent or parents and not to the next of kin of the adopted child; and provided also, if such adopting parent or parents shall have other child or children, then the children by birth and adopting shall, respectively, inherit from and through each other as if all had been children of the same parents both in lawful wedlock. Nothing in this act shall be construed as debarring a legally adopted child from inheriting property of its natural parents or other kin."

Both of these statutes hereinabove set forth were enacted at the same time as part of the Probate Code and became effective January 1, 1932.

It is claimed by William D. Dorsch, the adopted child in this case, that the amendment to the Adoption Statute and the re-enactment or it effective January 1, 1932, creates the right of an adopted child to inherit from the blood relations of the adopting parent. Under earlier forms of the Adoption Statute it was held that an adopted child could not inherit from ancestors or relations of adopting parents.

It is argued by the appellees herein that because of the long line of decisions of the courts prior to January 1, 1932, which held close to the line that "consanguinity is so fundemental in statutes of descent and distribution that it may only be ignored by construction when courts are forced to do so either by the terms of express statute or by inexorable implication. To prescribe a course of descent which will take property of deceased persons out of the current of their blood, the legislature must use explicit and unmistakable language." 1 Am Jur. 664, §63.

The right to inherit property in Ohio is not a common law right. It is a right created by the Legislature. The Legislature has the power to declare that an adopted child may inherit property through the adopting parent from the blood relations of said adopting parent. But some people apparently seem shocked with the idea that the Legislature may give a right to an

adopted child to thus inherit from the blood relations and ancestors of the adopting parent. This thought is expressed in **Phillips v McConica, 59 Oh St 1,** wherein the court states:

"The ancestors of the adopter are presumed to know their relatives by blood and to have them in mind in the distribution of their estates either by will or by descent but they cannot be expected to keep informed as to adoption proceedings in the probate courts of the counties of this state; to allow an adopted child to inherit from ancestors of the adopter would often put property into the hands of unheard of adopted children contrary to the wishes and expectations of such ancestors."

By this statement the court apparently gave expression to what it thought the legislative policy should be. However the legislature determines its own policy and the court merely interprets the effect of the legislative act. The court has no power to determine legislative policy. One can easily prevent his property from descending to an adopted child by making a will to that effect. The holdings of the court, however, upon statutes enacted prior to January 1, 1932, have little relevancy in a consideration of the present statutes. It is now to be determined whether the legislature under the adoption statute of January 1, 1932, changed its policy of descent by adding a right of an adopted child to inherit where there was no such right before.

The language of the amended statute under which it is claimed that the adopted child has a right to inherit from ancestors of the adopting parent, is as follows:

"but shall be capable of inheriting property expressly limited by will or by operation of law to the child or children, heir or heirs at law, or next of kin, of the adopting parent or parents, or to a class including any of the foregoing."

This language granting to the adopted child the capability of inheriting, clearly was intended to create a right or status which had not theretofore existed. The legislature has further provided that the language of this statute, with the other statutes in this chapter, shall be liberally construed to promote its object. (§10214 GC).

The right of capability of inheriting property is necessarily a right to inherit from the deceased owner thereof. Before this amendment was enacted, the adopted child had the clear right to inherit from the adopting parents. If it be as contended for by appellees, that this amendment did not give any right of inheritance to the adopted child through the adopting parent or parents, we are immediately confronted with the inquiry, What was the purpose of this amendment? We must presume that the legislature by writing this amendment into the statute intended effectively to provide for something that was not then in the statute.

There can be no doubt but that the intended purpose of this amendment was to provide for the right of the adopted child to inherit through the adopting parent. The draft of this law was prepared by a bar association committee and from the report of this committee's work it is definitely concluded that the bar committee at least intended that this enactment should accomplish this purpose. Following this enactment, the authors of probate law and practice, Deibel, Adams & Hosford, and Lamneck, came to the same conclusion.

But the intention of the drafters of a bill and the interpretation of the enacted bill by the authors on probate law would not be conclusive unless the language of the act itself is sufficiently definite to be interpreted to grant the right of an adopted child to inherit through the adopting parent.

Giving this amendment a liberal construction as directed by the legislature, to promote its apparent object, we come to the conclusion that this language is sufficient to accomplish the purpose of the drafters of this act.

The right of the adopted child to inherit is circumscribed and limited by the inheritance statutes §10503-4(6) GC above quoted.

Lena Post died leaving "no spouse, no children or other lineal descendant and no parents surviving." The only apparent claimants to her estate would be her two brothers and the adopted child of her deceased sister, Louisa Dorsch. Under the statute of descent above quoted, the lineal descendants of Louisa Dorsch would inherit from Lena Post. The next question is, Was the adopted son of Louisa Dorsch a "lineal descendant" of Louisa Dorsch within the purview of the adoption statute, so as to be enabled to take under the statute of descent from the estate of Lena Post?

These two statutes of descent and adoption must be read together and interpreted together when the right of an adopted child is in question. In the adoption statute we find that the adopted child is capable of inheriting property which is limited by the operation of law to the child or children of the adopting parent "or to a class including any of the foregoing."

Under the facts in this case the descent of or inheritance of the property of Lena Post is "limited by law" as follows: one-third to the brother Charles Meyer; one-third to the broth-·er, Thomas Meyer; and one-third to the "lineal descendants of Louisa Dorsch."

Does the phrase "lineal descendants" include the adopted child of Louisa Dorsch?

There can be no question but that the phrase "lineal descendant" includes the class of "child or children." It may include more, such as grandchildren, but at least it does include "child or children." "Lineal descendants" therefore is a class comprehended in the phrase of the statute, "or to a class including any of the foregoing."

A share of the property of the decedent, Lena Post, under the statute would "by·operation of law" descend to or be limited to the "lineal descendants" of Louisa Dorsch. "Lineal descendants" includes "child or children" and when property is limited by operation of law to "child or children" of the adopting parent, the adopted child then, by the statute, is capable of taking such property.

The case of Rogers v Kromer, 24 Abs 508, is called to our attention by appellees in which the following question appears:

"These new provisions found in the present statute which was effective January 1, 1932, were probably inserted to clear up some of the uncertainties appearing in former decisions affecting the rights of the adopted child."

We cannot subscribe to this probable reason for the enactment of the new provision in this amended adoption statute. Whatever uncertainties theretofore existed were all cleared away by the decisions of the Courts of Ohio. There was, therefore, left no uncertainties whatsoever about the interpretation of the preceding statutes in this respect.

We are impelled to the conclusion that the legislature intended to make a change in the substantive part of the adoption statute and that change was to grant the right of the adopted child to inherit through the adopting parents.

For the reasons herein stated we find the appellant William D. Dorsch is entitled to receive the share of the estate of Lena Post that would otherwise have descended to his adopting mother Louisa Dorsch were she alive. The decision of the probate court is therefore reversed and cause remand-·ed with instructions to make an appropriate entry in accord herewith.

MORGAN, J., concurs.

LIEGHLEY, J., DISSENTS for the reason that in my opinion the words and language now in the adoption statute do not bring the adopted child within the definition of "lineal descendant."