**FRAME, Plaintiff v. SHAFFER et, Defendants.**

Common Pleas Court, Fulton County.

Nos. 12094 and 12095.   Decided December 21, 1943.

George Meekison, Napoleon and Otto W. Hess, Napoleon, for plaintiff.

James W. Williamson, Wauseon, for defendants, Floyd A. Sayers, Luella Gleason, Alma Andre, Mabel Zimmerman.

## ORAL DECISION OF THE COURT

By HAM, J.

Gentlemen: I see no reason why the court should not decide this case now. Cases ought to be disposed of promptly if the court has such a fixed opinion that he feels certain that opinion could not be changed by further consideration of the questions involved.

I once read where a judge said that after he had studied a case until he became uncertain and confused he was always happy to have a clear, first impression to which he could harken back.

I have never had a case involving the questions raised in the instant case, but I have always endeavored to keep abreast of the law as it evolves through legislative acts and court decisions.

Out of that has grown the impression—a firm one—that the legislative acts, at least, have had a strong tendency to favor the adopted child—a tendency, it appears, to concede to the adopted child the same rights as though he or she had the blood of the adoptive parents in his or her veins.

In this case a careful review of the authorities but confirms that impression. So, as I have said, the court will decide the case without further consideration.

Briefly the admitted facts are:

Mary Ellen Kump died April 24, 1943, and intestate as to all of her property. She left no spouse, lineal descendants, brother or sister, and no surviving parents or grandparents, but her deceased grandparents were survived by lineal descendants. As a result her nearest of kin are cousins, and her estate descends according to ¶8 of §10503-4 GC.

The decedent had one first cousin, John Zimmerman, who predeceased her. He left no spouse and he never had a natural child. In 1912, John Zimmerman legally adopted a child, now living. Mabel Zimmerman.

Partition of the decedent's estate is sought. The adopted child, Mabel Zimmerman was not made a party to the action until by her motion she was made a defendant.

She filed her answer and cross-petition asserting that she owned the interest in the estate which her adoptive father would have inherited had he survived the decedent.

The plaintiff and others deny that right to the adopted daughter of John Zimmerman, contending:

1. That she can inherit only from but not through her adoptive father.

2. That if she can inherit through her adoptive father it can only be in a direct line of descent and that she can not inherent collaterally from the adoptive father's cousin.

The first question is: Can an adopted child inherit **through** as well as **from** the adopted parents?

I cannot see why any distinction should be made as from whom the relationship is to be traced. If a natural child would inherit, likewise would an adopted one.

Numerous decisions have been handed down during the years, and whenever the courts have limited or restricted the rights which the adopted child acquires by reason of the adoption, the legislature has promptly spoken to enlarge or clarify such rights.

It seems to us that the ultimate effect of all this had been to clothe the adopted child with the same rights that a natural child enjoys, save as to inheritance expressly limited to heirs of the blood of the adoptive parent.

Nor are we fettered in construing the present statutes, §§10503-4 and **10512-19 GC**, by the rule that statutes in derogation of the common law are to be strictly construed. These statutes are expressly excluded from such a rule—§10214 **GC**.

These two sections, **10503-4** and **10512-19 GC**, are in juxtaposition, and must be considered as companion statutes in the instant case.

After the courts held that a child could inherit **from**, but not **through**, the adoptive parents, the legislature passed the present amended law.

It is presumed that a statutory amendment is intended to effect some change. **(Lytle v. Baldinger, 84 Oh St, pp. 1 and 8)**.

Where the legislature repeals a law soon after its construction by the courts, a presumption arises that the legislature intended to override that construction. **(State v. Brown, 108 Oh St 454, 458)**.

After the Supreme Court held that a child could inherit **from**, but not **through**, the adoptive parents, the legislature passed the present amended law, and this statute was amended. The words of the Supreme Court are strong and compelling: "It must be presumed that it was thereby intended to counteract the force and effect of that case."

The conclusion seems to us irresistable that the amendment of §10512-19 **GC**, could have had no purpose except to vest the adopted child with the right to inherit **through**, as well as **from** the adoptive parent or parents.

The second and final question is, then: Can the adopted child inherit collaterally as well as directly? Certainly, a child who inherits collaterally, inherits as much **through** the parent as it would directly.

By what token are we to say that when the child is made "capable of inheriting property expressly limited by will, or operation of

law, to the child of the adoptive parents," that it means property limited by law to a child of adoptive parents who are descendants of the decedent and excluding collateral inheritances.

The statute as amended expressly excluded an adopted child from inheriting as an heir of the body of the adoptive parent.

The court, in **Ransom v. The New York, Chicago & St. Louis Railway, 93 Oh St 228,** construed this statute as then enacted, and said:

"This language" (in §8029 GC) "is not only clear but convincing and conclusive as to the purpose and spirit of the statute.

"Additional force is given to these provisions of the foregoing statutes by the last four lines of §8030 GC, which read:

'But on the decease of such person and the subsequent decease of such adopted child without issue, the property of such adopting parent shall descend to his or her next of kin, and not to the next of kin of such adopted child.'

"Here is the sole and only exception to the general sweeping omnibus provisions putting the adopted child and adopting parent in the shoes of the natural child and natural parent respectively.

"The old familiar rule is that the expression of one exception excludes all other exceptions clearly and conclusively in favor of the natural parent."

That decision, it seems to me, speaks volumes in support of the adopted child in the instant case.

This case is afforded even more potent aid in interpreting the statute than was present in the case last cited; in that, immediately following the exclusion priviso to which references were made by the court in that case, the statute reads: "* * * but shall be capable of inheriting," etc. That the provision follows directly after the exclusion proviso to me appears to reflect much light on the question under consideration here.

Let me read from the decision in the case of **Kroff v. Arnheim et, 94 Oh St 286**—a case where there was a divesting provision:

"Again this divesting provision is an exception grafted onto the statute. The statute, being remedial, naturally the exception should be strictly, but reasonably construed, and must be governed by the familiar rule that the exclusion clearly made in the exception only emphasizes the inclusion of all other things germane to the statute which are not excluded."

Our attention is called to a Hamilton county case—**Bank v. Boyer, 66 Oh Ap 136.**

There the court was considering a case involving the determination of heirship, and which called for an interpretation of §10503-12 GC, the so called "Designated Heir Statute."

In the decision the court's obiter dictum observation was that an adopted child would not, under §10512-19 GC, take **through,** but only **from** the adoptive parent.

Scant or no attention was given to the fact that since the Supreme Court had made such a holding this radical amendment of the statute was made.

It follows that this dictum should carry but little weight on the question here present.

We have read the case of **Rogers v. Cromer, 24 Abs 508,** cited by counsel. With all due respect for the court's assumption that the amendment of the statute was but an idle gesture, we feel impelled to follow the Supreme Court's rules of construction in the cases we have cited.

Two reported cases, however, seem to have been carefully considered: **Shearer v. Gasstman, 15 Abs 103; White v. Meyer, 66 Oh Ap 549.**

In the first case the 7th syllabus reads:

"Under the provisions of §10512-19 GC, an adopted child is entitled to inherit through the adopting parents."

In the last case, the syllabus reads:

"Under §§10503-4 and 10512-19 GC, an adopted child is entitled to inherit not only from an adopting parent, but also through such adopting parent from a deceased sister of the adopting parent."

It would be somewhat presumptuous for this court to ignore the the law as decided in the last case.

At all events, the decision blends so harmoniously with sound logic and fair interpretation that it is not difficult to follow the law as thus announced.

The adopted child will be held to have the claimed interest in the real estate in the two cases.

Partition is ordered.

Exceptions to plaintiff.

Notice of appeal being given, bond is fixed at one hundred dollars.