Stewart, J.
 

 The question presented in this case is: Does a designated heir, under Section 10503-12, General Code, who is also the illegitimate son of the declarant, inherit through as well as from the declarant and thus become entitled to contest the will of a 'brother of the declarant, who died after declarant’s death? .
 

 The Court of Common Pleas was of the opinion that designee could not inherit from such brother through declarant by reason of the designation of heir, but that he could so inherit through declarant because delarant’s brother was designee’s blood uncle.
 

 The Court of Appeals rejected that theory, but held
 
 *37
 
 that designee has a right to contest the will of Charles E. Bucheit for the reason that a person designated as an heir at law is entitled to inherit through as well as from the declarant.
 

 If either of those pronouncements correctly states the law, then the judgment of the Court of Appeals must be affirmed, but if neither theory is correct then plaintiff, as designee’s guardian, has no right to proceed with the will contest.
 

 Let us consider first the question raised by the opinion of the Court of Common Pleas. At common law, an illegitimate child is
 
 nullius films
 
 and cannot inherit from anyone. This rule of common law was early superseded by statute in Ohio giving the right to the illegitimate child to inherit from the mother. This was the rule under the statute of 1831 (29 Ohio Laws, 254) and the amendment of 1853 (51 Ohio Laws, 502), and the rule has been expanded so that now in Ohio an illegitimate child can inherit both from and through his mother, either directly or collaterally, but it is still the law in Ohio that an illegitimate child cannot inherit from his father under the statutes of descent and distribution. The reason is well stated by Judge Ranney in the opinion in the case of
 
 Lewis
 
 v.
 
 Eutsler,
 
 4 Ohio St., 354, 359:
 

 “Very good reasons, founded upon public policy, and growing out of the uncertainty that must generally attend the paternity of the illegitimate child, can be given, for cutting him off from all connection with the paternal line. To this necessity, he must submit. But no doubt can exist as to the identity of the mother. The child is necessarily reared by her; and between them, as well as between the child and her other children, must grow up those strong ties which bind near kindred to each other. ’ ’
 

 At common law a child born out of wedlock cannot
 
 *38
 
 be legitimatized even by the subsequent marriage of his parents, but that rule has been superseded in Ohio. Section 10503-15, General Code, provides:
 

 ‘
 
 ‘
 
 When by a woman a man has one or more children, and afterward intermarries with her, such issue, if acknowledged by him as his child or children, will be legitimate. The issue of parents whose marriage is null in law, shall nevertheless be legitimate.”
 

 Since designee could not inherit from declarant, to whom his mother was not married, and since, under the law of Ohio, designee could have been made legitimate only by the marriage of plaintiff and declarant and his acknowledgment after such marriage that designee was his son, and since declarant was never married to designee’s mother, designee could not inherit from declarant solely as the result of declarant’s acknowledgment that designee was his illegitimate child. Consequently, designee is not entitled to contest the will of declarant’s brother, upon the ground that designee is the brother’s blood nephew. If designee cannot inherit from declarant as declarant’s son, assuredly he cannot inherit through him from such relationship.
 

 We hold with the Court of Appeals that the reason given by the Common Pleas Court for its judgment is not sound. If this is too harsh a doctrine, the remedy is a problem for the General Assembly.
 

 We come now to the proposition which the Common Pleas Court rejected but which the Court of Appeals approved after rejecting the. blood uncle-and-nephew theory of the Court of Common Pleas.
 

 The Court of Appeals held that when one has been designated as an heir at law, under Section 10503-12, General Code, the designated heir is permitted to inherit property through as well as from the declarant.
 

 Section 10503-12, General Code, reads as follows:
 

 
 *39
 

 “A
 
 person of sound mind and memory may appear before the probate judge of his county, and in the presence of such judge and two disinterested persons of his or her acquaintance, file a written declaration, subscribed by him, which must be attested by such persons, declaring that, as his or her free and voluntary act, he or she did designate and appoint another, naming and stating the place of residence of such person specifically, to stand toward him in the relation of an heir at law in the event of his or her death. If satisfied that such declarant is of sound mind and memory, and free from restraint, the judge thereupon shall enter that fact upon his journal, and make a complete record of such proceedings. Thenceforward the person thus designated will stand in the same relation, for all purposes, to such declarant as he or she could, if a child born in lawful wedlock. The rules of inheritance will be the same, between him and the relations by blood of the declarant, as if so born; and a certified copy of such record will be
 
 prima facie
 
 evidence of the fact stated therein, and conclusive evidence, unless impeached for actual fraud or undue influence. ’ ’
 

 It is unquestioned that all the conditions of the statute were complied with with reference to declarant and designee, and that designee was thus made the heir at law of declarant. This statute, without change, has been in effect for 94 years, except that, effective August 28, 1939, a paragraph was added as follows:
 

 “After a lapse of one year from and after the date of such designation such declarant may have such designation vacated or changed by filing in said Probate Court an application to vacate or change such designation of heir; provided, however, that the same procedure, conditions and prerequisites are complied with, as are required in the making of the original declaration. ’ ’
 

 
 *40
 
 This added paragraph has no bearing on the present case since it was not utilized by declarant.
 

 The language in Section 10503-12, General Code, with which the controversy in the present case is concerned, is:
 

 “The person thus designated will stand in the same relation, for all purposes, to such declarant as he or she could, if a child born in lawful wedlock. The rules of inheritance will be the same, between him and the relations by blood of the declarant, as if so born; * *
 

 The Court of Appeals of the Second Appellate District, in the case of
 
 Rogers
 
 v.
 
 Cromer,
 
 24 Ohio Law Abs., 508, 37 N. E. (2d), 407, and the Court of Appeals of the First Appellate District, in the case of
 
 Southern Ohio Savings Bank & Trust Co., Admr.,
 
 v.
 
 Boyer,
 
 66 Ohio App., 136, 31 N. E. (2d), 161, both held that, under the language above quoted, a designated heir can inherit from but not through the declarant, under the statutes of descent and distribution.
 

 It is true that in their reasoning both courts relied upon opinions- of this court to the effect that an adopted child can inierit from but not through its adopter. See
 
 Phillips, Exr.,
 
 v.
 
 McConica, Gdn.,
 
 59 Ohio St., 1, 51 N. E., 445, 69 Am. St. Rep., 753, and
 
 Albright
 
 v.
 
 Albright,
 
 116 Ohio St., 668, 157 N. E., 760.
 

 The Court of Appeals in the present case based its decision upon the fact that, after the decisions in the
 
 Rogers
 
 and
 
 Boyer cases, supra,
 
 this court decided the case of
 
 Flynn, Admr.,
 
 v.
 
 Bredbeck,
 
 147 Ohio St., 49, 68 N. E. (2d), 75, the third paragraph of the syllabus of which reads:
 

 “By the terms of Section 10512-19, General Code (114 Ohio Laws, 474), reciting that an adopted child shall be capable of inheriting property expressly limited by will or by operation of law to the child, heir, or next of kin of the adopting parent, an adopted child
 
 *41
 
 was enabled to inherit property
 
 through
 
 as well as
 
 from
 
 his adopting parent, whether such property passed by will or by operation of law.”
 

 It is to be noted that the
 
 Flynn case
 
 did not overrule the former decisions of this court to the effect that an adopted child could inherit only from the adopter and not through him. In his opinion in the
 
 Flynn case,
 
 Judge Zimmerman said that the expression in Section 10512-19, General Code, added since the former decisions, that an adopted child
 
 “
 
 shall be capable of inheriting property expressly limited by will or by operation of law to the child or children, heir or heirs at law, or next of ldn, of the adopting parent or parents, or to a class including any of the foregoing
 
 *
 
 * *,” was inserted to enable an adopted child to inherit property through as well as from an adopting parent, whether such property passes by will or by operation of law.
 

 There is a vast difference between the designated-heir and the adoption statutes. Under the former any one of sound mind and memory may appear before the probate judge of his county and, in the presence of such judge and two disinterested persons of his acquaintance, file a written declaration, subscribed by declarant and attested- by such disinterested persons, that he did designate and appoint another to stand toward him as his heir at law. If the probate judge is satisfied that the declarant is of sound mind and memory and free from restraint, the judge shall enter that fact upon his journal and make a complete report of the proceedings. Those are the sole requirements to designate an heir. There is no notification of any kind to the designee, to the relatives of the declarant, or to any one else, except as a public record may constitute notice. There is no limitation as to age, and a declarant may designate one very much
 
 *42
 
 younger, the same age, or very much older than himself.
 

 In the case of adoption, the proceeding is quite different. The proposed adopter must file a petition upon which' there is a hearing; written consents must be given to the adoption by the child sought to be adopted if more than 12 years of age, by each of the living parents or by the mother of an illegitimate child, except in certain instances in which other persons or institutions must give consent; parties in interest, must be notified; and an investigation is fully provided for so that the court may be intelligently informed as to the facts. No one may be adopted who is not under 21 years of age. The court can decree adoption only when it is satisfied that the requirements of the .Adoption Code have been complied with; that the petitioner or petitioners are suitably qualified to care for and rear the child; and that the best interests of the child will be promoted by the adoption.
 

 The objective of the adoption statutes is to make the adopter as genuinely the parent of the child and the child as genuinely the offspring of the adopter as can be accomplished in law.
 

 Section 10512-23, General Code, provides in part:
 

 “* * # and the adopting parent or parents of the child shall be invested with every legal right in respect to obedience and maintenance on the part of the child as if said child had been born to them in lawful wedlock; and the child shall be invested with every legal right, privilege, obligation and relation in respect to education, maintenance and the rights of inheritance to real estate, or to the distribution of personal estate on the death of such adopting parent or parents as if born to them in lawful wedlock; * *
 

 As was so well stated by Judge Matthews in his opinion in the
 
 Boyer case, supra:
 

 
 *43
 
 “These statutes providing for adoption, however, are limited to the adoption of minors, and the purpose of the Legislature in enacting them and of those availing themselves of their provisions was not primarily to engraft one not of the blood upon the family tree for the purpose of inheritance upon death at some future time.”
 

 In the process of designating an heir it will be noted that no assumption of parental care or child obedience is required. Neither the character, reputation, or any other attribute of either the declarant or the designee is of any consequence.
 

 It is obvious that a designated heir stands in an entirely different relation to both his declarant and his declarant’s family and relatives than does an adopted child to his adopting parents and their families and relatives.
 

 The pertinent language of the designated-heir statute is:
 

 ‘ ‘ The person thus designated will stand in the same relation, for all purposes,
 
 to such declarant
 
 as he or she could, if a child born in lawful wedlock.” (Italics supplied.)
 

 It will be noted that the language is not that the designee will so stand as to his declarant’s family and relatives whom he may not know and who may not know designee. Designee was not adopted as a child of declarant but was only designated as an heir. The language just quoted would seem to limit the relationship of designee to the declarant himself and to no one else.
 

 It is true the statute further provides that “the rules of inheritance will be the same, between him and the relations by blood of the declarant, as if so born
 

 It is a fundamental rule in construing a statute that
 
 *44
 
 all parts of it must be construed together and any apparent contradictions reconciled, if possible. At first blush it might seem that this last quotation would contradict the postulate that the designee stands in the relation of a child only to the declarant and no one else, but a natural construction of the language will easily reconcile the apparent contradiction. Since the designation causes the designee to stand in the same relation to the declarant as he would if a child born in lawful wedlock, the rules of inheritance are the same between the designee and the relatives by blood of declarant,
 
 as to the property of declarant,
 
 as if the designee had been a child of declarant born in lawful wedlock. Any broader interpretation of the language quoted would lead to fantastic results. If the designee inherited from and through the declarant as a child of declarant born in lawful wedlock, would it not follow that the designee would transmit inheritance to the declarant? One can picture the result.
 

 Any one of sound mind and memory can designate an heir; the designated heir need never know of or consent to the designation and could be older and richer and a perfect stranger to the declarant; and if such designee died intestate, results which might follow would startle the imagination.
 

 It seems to us that the rational interpretation of the language of Section 10503-12, General Code, is that when a declarant has designated an heir, that heir stands only as to declarant and not his family or relatives, in the same relation, for all purposes, as designee would if a child born in lawful wedlock; and that the rules of inheritance
 
 as to the property of declarant
 
 will be the same between him and the relatives by blood of declarant as if designee had been so born.
 

 With this construction, which is consistent with the background of the designated-heir statute, with the
 
 *45
 
 reconciliation of all the language in it, and with the; common sense which must have inspired its enactment,, a designated heir inherits from but not through the* declarant.
 

 The judgments of the Court of Common Pleas and the Court of Appeals are reversed and the cause is remanded for further proceedings in accordance with this opinion.
 

 Judgments reversed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman and Sohngen, JJ., concur.
 

 Turner, J., dissents.