**FRIEDMAN, Estate of, In Re: CLEVELAND TRUST CO. et., Plaintiff-Appellants, v. STATE et, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21268.   Decided July 18, 1949.

Mooney, Hahn, Loeser, Keough & Freedheim, Cleveland, for plaintiff-appellants.

Hugh S. Jenkins, Atty. Genl., Joseph S. Gill, Asst. Atty. Genl., Columbus, for defendant-appellee.

## OPINION

By DOYLE. J.

The Cleveland Trust Company, as Executor of the Estate of Joseph Friedman, deceased, Lester I. Friedman and Dena Friedman Stone, son and daughter of the decedent, filed exceptions to the ruling of the probate court of Cuyahoga County that (1) Howard K. Friedman adopted son of the decedent's son (Lester I. Friedman) must be treated for the purpose of fixing the inheritance tax payable because of his succession under the provisions of a will and trust agreement as "a succession of the fourth class" under the provisions of §§5334 and 5335 GC; and (2) that the provision in the trust instrument made for the decedent's son, Lester I. Friedman, is taxable in its entirety as a succession of his adopted son, Howard K. Friedman.

The exceptions having been overruled, this appeal followed which seeks a reversal of the court's judgment.

It is here claimed that:

"1. Howard K. Friedman, being a son by adoption of the decedent's son, Lester I. Friedman, is 'a successor of the

second class' under §§5334 and 5335 GC as a 'lineal descendant' of the decedent, and that his succession is to be taxed accordingly, and

■ That the provisions made for Lester I. Friedman is taxable as a life estate of the said Lester I. Friedman son of the decedent, and a 'successor of the second class' with remainder over to Howard K. Friedman, likewise a 'successor of the second class.' "

It appears that Joseph Friedman died testate on November 21, 1945. He was survived by his daughter, Dena Friedman Stone, by his son Lester I. Friedman and by Howard K. Friedman, the adopted son of Lester I. Friedman. Under his will, he left the residue of his estate to The Cleveland Trust Company as trustee of a trust inter vivos which he had created. By the terms of this trust instrument, he treated the corpus as if it were composed of two equal shares, one to be held for the benefit of his son and one for the benefit of his daughter, during their respective lifetimes. However, insofar as the son's share is concerned, the trustee was given discretionary powers to award the income (and invade the principal, if necessary) to the son or to certain others as it saw fit, subject, however, to the following recommendations for preference set forth in the instrument:

"I hereby direct and provide that the trustee shall, at its discretion and preferably upon consultation with my daughter * * * during her lifetime, so use, allocate and control all such funds * * * to accomplish the following objects in the order of preference herein stated:

(1) To provide for the education and support of Howard K. Friedman, the adopted son of my son;

(2) To the support of the wife of my said son so long as she shall remain the wife or widow of my said son, and/or be extending to my said adopted grandson, Howard K. Friedman, the proper parental care and direction;

(3) To the support of my son, Lester I. Friedman * * *."

The Probate Court in assessing the tax at the highest possible rate (§5343 GC) assumed that the income derived from one of the shares will be paid to decedent's daughter during her lifetime and that the income derived from the other share will be allocated entirely in the trustee's discretion to the education and support of the adopted child (born Sept. 4, 1933).

The trust agreement further provided that:

"after the decease of my said son or my said daughter, the share heretofore held for such end shall be distributed to the then surviving lineal descendant of such one, per stirpes, including as a lineal descendant any person legally adopted by such one. In the event of the decease of either my son or my said daughter without leaving any descendant surviving him or her, the share held for such one shall be added to the share held for my other child and treated in every manner as herein provided for such other child's share. * * *."

In connection with the above, the probate court further found that both of the decedent's children, Dena and Lester, will die without leaving lineal descendants; that both of decedent's children will be survived by the adopted child, Howard K. Friedman, who will succeed to all of the remainder of the trust estate.

In view of the foregoing and the statutes of this state which we are here called upon to apply, was the probate court in error in holding that the adopted child is a successor of the fourth class and that the share of Lester I. Friedman is taxable in its entirety as a succession of the adopted child of the said Lester?

One of the keys to the solution of our problem is to be found in §5343 GC a part of which is:

"When, upon any succession, the rights, interests, or estates of the successors are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon such successions at the highest rate which, on the happening of any such contingencies or conditions would be possible under the provisions of this subdivision of this chapter, and such taxes shall be due and payable forthwith out of the property passing, and the Probate Court shall enter a temporary order determining the amount of such taxes in accordance with this section * * *."

The remainder of this section provides for a "refunder" under certain circumstances which, however, is not of importance to our immediate questions.

In view of this statute, and its application to the factual situation presented, we find no error in the ruling of the Probate Court in refusing to treat for tax purposes a life

estate in the natural son, Lester, and after calculating his expectancy under the mortality tables, tax such estate with a $3,500.00 exemption, on the basis of the percentages applicable to a second class succession under §5334 GC and then to tax the remainder as a succession of his adopted son, Howard.

On the contrary, we find that the probate court, in the exercise of its judicial powers, properly held that the share of the estate allocated for the benefit of the natural son, Lester, should be taxed in its entirety as a succession of the adopted child, Howard, who may receive the entire income during the lifetime of his adoptive father, and at whose death, the entire remainder will pass to the said Howard.

This ruling we find to be consonant with §5343 GC supra.

Proceeding now to the next question, i. e., whether the succession of the adopted child, Howard, should be taxed at the higher rates under the fourth class in the statutes, we look to the adoption statute and its effect, if any, on the taxing statutes.

Under §5334 GC (tax statute) we find the following provision:

"1. When the property passes to or for the use of the wife or a child of the decedent who is a minor at the death of the decedent, the exemption shall be five thousand dollars.

(2) When the property passes to or for the use of the father, mother, husband, adult child or other lineal descendant of the decedent, or an adopted child, or person recognized by the decedent as a legal heir under the provisions of a statute of this or any other state or country, or the lineal descendants thereof, or a lineal descendant of an adopted child, the exemption shall be three thousand, five hundred dollars.

(3) When the property passes to or for the use of a brother or sister, niece, nephew, the wife or widow of a son, the husband of a daughter of the decedent, or to any child to whom the decedent, for not less than ten years prior to the succession stood in the mutually acknowledged relation of a parent, the exemption shall be five hundred dollars."

Under §5335 GC, is found the rates of taxation. It provides for certain percentages of tax "on successions passing to any person in the first and second classifications" set forth in the preceding paragraph. It then provides for a higher rate "on successions passing to any person" falling within the third classification, supra. The statute then provides for an even higher rate on all successions to persons other

than those hereinbefore mentioned, i. e., under 1, 2, and 3.

This last class, designated by the court as the fourth class, is the one into which the adopted child was placed and his succession, with no exemption, was accordingly taxed at the highest rate.

The statute specifically places an adopted child of a decedent in the second class. Our question is whether an adopted child of a son of a decedent comes within the same second class as a **lineal descendant.**

So much of §10512-23 GC as affects our problem is in the following language.

"* * * and the child (adopted child) shall be invested with every legal right, privilege, obligation and relation in respect to education, maintenance and the rights of inheritance to real estate or to the distribution of personal estate on the death of such adopting parent or parents, as if born to them in lawful wedlock; provided, such child shall not be capable of inheriting property expressly limited to the heirs of the body of the adopting parent or parents; **but shall be capable of inheriting property expressly limited by will or by operation of law to the child or children, heir or heirs at law, or next of kin, of the adopting parent or parents, or to a class including any of the foregoing * * *.**"

This language of the Code gives a legally adopted child the right to inherit property not only from, but through, the adopting parent. It gives such child a status not held prior to the enactment of the amendment in 1932. And it seems apparent that the legislative intent was to give the adopted child every right and privilege of inheritance accorded a natural child, excepting only the inheritance of property "expressly limited to the **heirs of the body** of the adopting parent or parents." It further puts such child in a direct line of ancestry the same as if it had been born in lawful wedlock. It makes such child a lineal descendant. And, while the questions at issue in the cases cited below are not the questions before us here, we believe that they do develop the thought here expressed. The statute must be interpreted with the degree of liberality essential to the attainment of the intent of the legislature.

**Flynn v. Bredbeck, 147 Oh St 49; White v. Meyer, 66 Oh Ap 549.**

See also:

**Blackwell v. Bowman, 150 Oh St 34.**

Reverting now to the tax statutes, we find that they impose a tax on successions of persons who come within certain classifications.

The second classification includes lineal descendants. We have no thought to impair the authority of the legislature to create legal relationships providing for the devolution of property. Nor is it our purpose judicially to legislate out of a class one who is so definitely placed therein.

It is the contention of the appellee that "the 1932 amendment of the adoption statute increased the rights of an adopted child under the **anti-lapse** statute and did nothing more."

We believe that this claim is untenable. The broad, sweeping language of the statute disproves it. Had the legislature intended such a restriction, a few simple words could have expressed it.

In concluding this phase of the case, it is our conclusion that the tax statutes and the adoption statutes are in pari materia; the adopted child is by virtue of the statutes placed in the second class and there must be taxed.

The judgment is reversed and the cause is remanded for further proceedings according to law. Exceptions. Order see journal.

SKEEL, PJ, HURD, J, concur.