Taft, J.,
concurring. The record discloses that what paragraph three of the syllabus refers to as a “valid decree of a Florida court of competent jurisdiction” was a so-called “declaratory decree” rendered in December 1958 “upon the petition of George G. Limbeck for a declaratory decree and other relief under Florida rules of civil procedure.” There is nothing *302 whatever in the record to even suggest that there were any parties to the proceeding in which that decree was made other than George G. Limbeck or that that proceeding was instituted until after the death of George W. Limbeck in 1957 and after institution of the instant case in Ohio.
It is elementary that a court has no jurisdiction to render a declaratory judgment affecting the rights of parties not before it. City of Zanesville v. Zanesville Canal & Mfg. Co., Trustee (1953), 159 Ohio St., 203, 111 N. E. (2d), 922. See also the applicable Florida statute reading, “no declaration shall prejudice the rights of persons not parties to the proceeding” . (Section 87.10, Florida Statutes Annotated). ■
In my opinion, therefore, that Florida decree should have no effect in determining the questions involved in the instant case.
In Section 731.29, Florida Statutes Annotated, the following sentence appears immediately after the portion of that section quoted in the majority opinion:
“However, such illegitimate child does not represent his father or mother by inheriting any part of the estate of the parents’ kindred, either lineal or collateral, unless his parents have intermarried, in which event such illegitimate child shall be deemed legitimate for all purposes.”
• Thus, the Florida statute indicates that, by the law of Florida, George G. Limbeck was not “legitimate for all purposes” although he could, in Florida, inherit from his father “as if * * * born in lawful wedlock” and was therefore, in Florida and to that extent, the legitimate child of his father, notwithstanding the fact that the statute after so recognizing him still refers to him as “such illegitimate child.” Cf. American Law Institute, Restatement of the Law (2d), Conflict of Laws (tentative draft no! 5), Section 246, comments b, d, and e, Section 137 (tentative draft no. 4), comment c.
Under this statute, George G. Limbeck had in Florida a status, so far as inheritance from his natural father was concerned, almost identical to the status (so far as inheritance from his designator is concerned) that a designated heir has in Ohio under Section 2105.15, Revised Code (see Blackwell, Gdn., v. Bowman, Exr. [1948], 150 Ohio St., 34, 80 N. E. [2d], 493); and *303 almost identical to the limited status (so far as inheritance from his adopting parents was concerned) that an adopted child had in Ohio before his status was improved by statutory amendments (see Phillips, Exr., v. McConica, Gdn. [1898], 59 Ohio St., 1, 51 N. E., 445, 69 Am. St. Rep., 753, and Albright v. Albright [1927], 116 Ohio St., 668, 157 N. E., 760; see also Kest, Admr., v. Lewis [1959], 169 Ohio St., 317, 320, 159 N. E. [2d], 449). Furthermore, at all times after October 14, 1953, the creation of such a status of partial legitimacy of an illegitimate child with respect to his natural father was apparently specifically provided for by the second paragraph of Section 2105.18, Revised Code.
There is therefore no apparent reason why Ohio should not recognize George G. Limbeck’s right to such a status of partial legitimacy with respect to his natural father as was conferred upon George G. Limbeck by Florida because of his father’s written acknowledgment at a time when his father was domiciled in Florida. But cf. 2 Beale, Conflict of Laws, 712, Section 140.2. .