Gibson, J.
By stipulation the parties have agreed that “the sole issue * * * is whether or not the Court, or a Judge thereof, has the authority, under Ohio law, to fill vacancies existing in the original venire of a grand jury after attempting service thereon of the persons named in the original venire and prior to the impanelling and swearing of the grand jury” by “persons whose names are not contained in the annual jury list and are not chosen from the ballots deposited in the jury wheel.” The answer to this question depends upon the construction given to Sections 2939.01 to 2939.24, inclusive, and Sections 2313.01 to 2313.99, inclusive, of the Revised Code.
The relator relies primarily upon the provisions of Section 2939.02, Revised Code, which reads as follows:
Section 2939.02. “Grand juries shall consist of fifteen *431 persons, resident electors of the county. Persons to serve as grand jurors in the cotirt of common pleas of each county shall be selected from the persons tohose names are contained in the annual jury list and from the ballots deposited in the jury wheel, as prescribed by sections 2313.07, 2313.08, and 2313.35 of the Revised Code. The judge of the court of common pleas may select any qualified elector, whose name is not included in the annual jury list or on a ballot deposited in the jury wheel, to preside as foreman of the grand jury.” (Emphasis added.) Except for the provision allowing the judge to select a foreman whose name is not on the jury list or on a ballot deposited in the jury wheel, the statute states, in what is ordinarily considered to be mandatory language, that the grand jury must be selected from the annual jury list and from the ballots deposited in the jury wheel as prescribed by law. That the General Assembly prescribed different methods for the selection of the grand jury and its foreman is significant.
In reading Section 2939.02, Revised Code, the two succeeding sections should be considered. Section 2939.03 provides that a “grand jury is drawn and notified by the same persons, from the same jury wheel, and in the same manner as other jurors are drawn and notified under sections 2939.02 to 2939.04, inclusive, and 2313.01 to 2313.46, inclusive, of the Revised Code.” (Emphasis added.) Section 2939.031 provides for the selection, swearing and seating near the jury of additional or alternate jurors.
The respondent Smith relies heavily upon the provisions of Section 2313.38, Revised Code, which reads as follows:
Section 2313.38. “When, by reason of challenge or other cause, enough jurors to make up the panel, either of the grand or petit jury, are not present, or if the array is set aside, the sheriff shall summon talesmen until the deficiency is made up. If the number for a grand jury is insufficient, the court may issue a special venire to the sheriff commanding him to summon the persons named therein to attend forthwith as grand jurors.” The thrust of such respondent’s argument is that the Court of Common Pleas has authority under this section to summon tales-men to fill up the grand jury and that such authority has not *432 been modified through the years even though a method of selection of grand juries by jury commissioner, jury list and jury wheel has been adopted. He points out in this connection that Section 5171, Revised Statutes (70 Ohio Laws, 169, Section 8), contained the essence of the foregoing section and that neither on April 23, 1894, when the General Assembly inaugurated the jury wheel and jury commissioner as a method of selecting prospective jurors, both grand and petit (91 Ohio Laws, 176), nor thereafter has the foregoing-quoted section been amended expressly.
Although we are aware of an apparent conflict between the existing statutory provisions relative to the selection of grand juries, we are duty bound, if possible, to reconcile and harmonize, so far as practicable, these statutory provisions so as to make them consistent, harmonious and sensible. See 82 Corpus Juris Secundum, 691 and 705, Statutes, Sections 345 and 346; Humphrys v. Winous Co. (1956), 165 Ohio St., 45; Blackwell, Gdn., v. Bowman, Exr. (1948), 150 Ohio St., 34; Acme Engineering Co. v. Jones, Admr. (1948), 150 Ohio St., 423; State, ex rel. Gross, v. Board of Directors of Miami Conservancy District (1943), 141 Ohio St., 52. In our opinion, effect can be given to both sections and yet preserve the purpose of the General Assembly.
We agree with the relator that neither the judge, prosecuting attorney, nor the grand jury is to be permitted to exercise undue control over the others. The functions of each properly executed act as a check and balance on the others. In our opinion, every person has the right to expect that a determination of whether he shall be indicted for a crime will be made by qualified grand jurors picked at random. He can not be guaranteed this protection if jurors may be specially selected by the court for such service. The very purpose of the “chance drawing” from the jury wheel is to prevent any person, no matter how well intentioned, from influencing criminal proceedings, either consciously or unknowingly, by selecting jurors who might have a particular bias of mind. The randomness of the jury list and the jury wheel method of selecting grand jurors is lost if a judgment selection is permitted.
The General Assembly made two specific exceptions to its *433 requirement that grand jurors be selected at random, when it recognized the necessity of having a foreman with special qualifications (Section 2939.02, Revised Code) and when it authorized the court, in case of sickness, death, discharge or nonattendance of a grand juror after the grand jury has been sworn, to appoint another to serve instead of the missing grand juror. Section 2939.16, Revised Code.
There is no question that a “talesman” contemplated by Section 2313.38, Revised Code, is a person added to complete a jury. The issue in this ease is how such a person is to be selected before the grand jury is sworn. The word ‘ ‘ tales ’ ’ coming from the Latin “talis” means such, like. (Oxford English Dictionary.) It would seem that the way to get talesmen like those on the original venire would be to select them in the same manner. Thus selected, the purpose of the General Assembly evidenced in Sections 2939.01 to 2939.24, inclusive, and Sections 2313.01 to 2313.99, inclusive, of the Revised Code, would be accomplished and the rights and interests of the parties would be, in the fullest sense, safeguarded.
We conclude then that for all practical purposes, under existing statutes, Section 2313.38, Revised Code, is viable only so far as it complements Section 2939.16, Revised Code, relative to the selection of talesmen for a grand jury after the grand jury has been sworn.
The respondent Smith contends also that the Court of Appeals erroneously has given injunctive relief in the guise of a writ of mandamus. The argument is premised largely on the assumptions that (1) the court has alternative methods available for filling vacancies in the grand jury venire before it is impanelled and sworn, and (2) since his future action will be restrained by the writ the action must necessarily be injunctive in nature. The first assumption already has been shown to be unsound. Clearly, the official interest of the relator, as prosecuting attorney of Scioto County, is sufficient under Section 2731.02, Revised Code, and neither his official interest nor that of the public would be protected adequately by relegating to him only a right to challenge the array under Section 2313.41, Revised Code, in view of what appears to be a long standing dispute between the prosecuting attorney and the respondent Smith as *434 to how vacancies in the grand jury venire are to be filled. Although the writ will have a prospective effect, this is not an unusual result of judicial determinations, and, in our opinion, it is the only effective method of securing compliance with the legislative policy to be observed in filling vacancies in the grand jury venire before it is impanelled and sworn.
The respondent Smith in oral argument before this court contended that any requirement that a court go to the jury list and jury wheel to fill vacancies before the grand jury is sworn would cause delay. The General Assembly, however, has provided for this contingency by authorizing the selection of additional or alternate jurors from the jury wheel. We agree with the relator that a practical solution to this problem of possible delay is to draw additional names from the jury wheel at the time of drawing for the original venire. Thus, sufficient persons will be available for summoning for grand jury service, if needed, and all will be selected in accordance with the random method prescribed by statute.
The respondent Smith points to Huling v. State (1867), 17 Ohio St., 583, 588, where this court said that the statutory provisions then existing for the selection of grand juries should be regarded as directory rather than mandatory and indispensable. It should be noted, however, that there this court held that irregularities in the selecting and drawing of grand jurors, not affecting their qualifications, could not be pleaded in abatement by the accused. Consistent with the decision in Euling we agree that the decision in this case may not be used by one accused or already convicted for the purpose of invalidating any indictment returned by a grand jury heretofore selected by a judge in the manner employed by the respondent; but hereafter, in filling grand jury vacancies occurring prior to impanelling and swearing of the jury, all grand jurors except the foreman must be persons whose names are contained in the jury list and chosen from the ballots deposited in the jury wheel.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith and Herbert, JJ., concur.